**KING et ux. v. RUBINSKY.**

No. 2968.

Court of Civil Appeals of Texas. Waco.

June 14, 1951.

Orville Jobe, O. David Goodwin, Waco, for appellants.

F. R. Valentine, Q. Z. Valentine, Waco, for appellee.

LESTER, Chief Justice.

This suit was filed below by Morris Rubinsky on May 15, 1950, in the form of trespass to try title against Paul King and wife. For convenience the parties will be referred to as they appeared in the lower court.

On May 25th the defendants answered with a plea of not guilty and the three years statute of limitation, and by way of cross-action pleaded a sales contract entered into between the plaintiff and the defendants on July 31, 1945, by the terms of which the defendants were to pay the sum of $5000 for said property; $500 was paid in cash and the defendants executed their note in the sum of $4500 for the balance, which balance was to be paid at the rate of $50 per month. Out of said installment payments the interest, insurance and taxes were to be deducted, and the balance applied to the principal; and the contract further provided that upon payment by the defendants of $1000 upon the principal, which included the $500 cash paid, the plaintiff agreed to execute to the defendants a general warranty deed conveying the property to them. Defendants alleged that they had paid the sum of $1000 on the principal prior to the time that they defaulted in their installment payments, and that plaintiff had breached the provisions of said contract prior to their default in failing to execute said warranty deed; that the reasonable market value of the property when the contract was entered into was $5000 and at the time of the breach by the defendants the same was of the value of $7500, and asked to be awarded the sum of $2500 as damages. They also alleged that at the time plaintiff breached the contract by failing to execute said deed they had paid to him the sum of $1950, and prayed for the return of said sum, with interest at the rate of six per cent per annum.

On June 10, 1950, the plaintiff answered defendants' cross-action with a general denial. On September 13, 1950, the plaintiff filed his first amended original petition, in which he sued in trespass to try title, and in the alternative upon the sales contract and note; alleging that defendants defaulted in their payments in that they had failed to make any payments since December 8, 1949, and by reason of such default he had exercised his option under the contract and note and had rescinded the same and declared all payments made to him by the defendants under such contract and note to be rent and liquidated damages. On the same date of the filing of his amended petition plaintiff filed a motion for a summary judgment under Rule 166–A, Rules of Civil Procedure, alleging that there was no genuine issue as to any material fact and that the plaintiff was entitled to a judgment as a matter of law, and based his motion upon the following: (a) plaintiff's first original amended petition; (b) defendants' original answer and cross-action; (c) plaintiff's original answer to defendants' cross-action; and (d) plaintiff's affidavit as to the facts and circumstances surrounding his cause of action. In his affidavit attached to his motion the plaintiff set out the execution of the sales contract and note, the default in installment payments since December 8, 1949, and also stated that as provided by said contract he had rescinded the same and had declared such payments made under such contract upon the note to be rent.

The motion was set for hearing by the court, service was had upon the defendants and a hearing was held on October 10th. On the day of said hearing and prior thereto the defendants filed their motion and affidavit for judgment on their cross-action, based on plaintiff's original petition, defendants' original answer and cross-action, plaintiff's first amended original petition, affidavit of the plaintiff and affidavit of the defendants. The motion was supported by the affidavit of defendant Paul King, in which he stated that he made the payments in compliance with the contract and had paid more than $1000 to Morris Rubinsky, and that he had never received a deed to said property; that under the terms of the contract of sale he was entitled to a deed and had been entitled to a deed since paying the sum of $1000. He further stated

that he was acquainted with the value of real estate in this city and the house and lot sued for was of the value of $7500.

Plaintiff orally objected to the defendants' motion and affidavit on the ground that the same had not been filed prior to the day of hearing as provided by Rule 166-A, and was therefore too late, and moved the court to strike said motion and affidavit. The court sustained said objection and struck both the motion and the affidavit. Plaintiff thereupon introduced the contract and sales note. The court then asked plaintiff's counsel if he had anything, to which he replied, "No, Sir". The court proceeded to enter judgment for the plaintiff for the title and possession of said property and ordered writ of restitution to issue.

Rule 166-A, TRCP, in part provides:

"(a) For Claimant. A party seeking to recover upon a claim, counter-claim, or cross-claim or to obtain a declaratory judgment may, at any time after the adverse party has appeared or answered, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.

"(b) For Defending Party. A party against whom a claim, counter-claim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

"(c) Motion and Proceedings Thereon. The motion shall be served at least ten days before the time specified for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

"(d) Case Not Fully Adjudicated on Motion. If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

The above rule was adopted by the Supreme Court and took effect March 1, 1950, and is substantially the same as Federal Rule 56, 28 U.S.C.A. It has been in effect so short a time that the appellate courts of this state have construed the rule in only two instances: Haley v. Nickels, Tex.Civ.App., 235 S.W.2d 683, and Sidor v. Dreeben, Tex.Civ.App.,· 236 S.W.2d 841. Those cases are not exactly in point with the questions raised at bar, so we look to the federal decisions for construction.

■ The U. S. Supreme Court, in Sartor v. Arkansas Natural Gas Corporation, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967, says that·"Federal rule providing for summary judgments was not intended to cut off right of trial by jury where there are issues to try, and summary judgment should be granted only when moving party is entitled to judgment as a matter of law, the truth is quite clear and no genuine issue remains for trial. * * * the mere fact that the witness is interested in the result of the suit is deemed sufficient to require the credibility of his testimony to be submitted to the jury as a question of fact."

■ In Keehn v. Brady Transfer & Storage Co., by the Circuit Court of Appeals, 7th Circuit, 159 F.2d 383, 170 A.L.R. 999, which originated in the state of Iowa, the Appeal Court held on appeal from a summary judgment for the plaintiff that the only question involved was whether allegations of defendant's answer were such as to raise a material or genuine issue of

fact, and said: "A 'material' or 'genuine issue of fact' is raised, so as to preclude summary judgment, when facts alleged, if proven, are such as to constitute a legal defense."

In Christianson v. Gaines, 85 U.S. App.D.C. 15, 174 F.2d 534, by the 5th Circuit Court of Appeals, the controversy arose in Tennessee and the court held: "Under federal rules, trial court had duty, upon defendant filing motion for summary judgment, to determine whether there was a genuine issue of fact in controversy, and, if so, parties were entitled to trial, and, if not, summary judgment was proper. * * *

"The mere sufficiency of allegations of complaint does not determine defendant's motion for summary judgment. * * *

"The purpose of federal rule providing for summary judgment is to permit trier to pierce formal allegations of facts in pleadings and grant relief by summary judgment when it appears from uncontroverted facts set forth in affidavits, depositions, or admissions on file that there are as a matter of fact no genuine issues for trial. * * *

"If, under facts developed, court at trial would be required to direct a verdict for moving party, then a summary judgment should be entered." See also: Whitaker v. Coleman, 5 Cir., 115 F.2d 305.

These federal decisions are based upon the laws of the state in which the cause originated. In Texas we now have a very liberal rule as to pleadings, Rule 90 TRCP, especially in the absence of special exceptions, and a very strict rule as to instructed verdicts or granting judgments solely as a matter of law. It is well settled in this state that an instructed verdict should never be given if, from the testimony, with all reasonable inferences and deductions, reasonable minds could reach a different conclusion. Both parties pleaded the sales contract and note. Section 6 thereof provided as follows: "It is the intention of the parties hereto that no interest in the above property is conveyed by this Conditional Sales Contract, but Seller agrees that when Purchasers have paid the sum of $1000.00 (including the $500.00 cash down payment), he will execute to Purchasers a general warranty deed to said property, conveying said property; and it is the intention of the parties hereto that the Purchasers will only have an interest in said property when they have paid the sum of $1000.00 on said property, and have paid all of the taxes and insurance premiums on the same; and the failure of the Purchasers, or their assigns, to pay the principal, interest, taxes or insurance premiums, or any one of the same, will give the Seller the right to take immediate possession of the same without the necessity of court action, and in event that court action becomes necessary, then the Purchasers and their assigns agree to pay a reasonable attorney's fee as further liquidated damages for the breach of this contract."

Said contract further provided: "Should the Purchasers fail to make any one installment when due, the Seller may, at his option, either declare the entire amount of the purchase price due and collectible, or he may rescind this contract to sell and convey the property herein described, and take immediate possession thereof, and in the event of such rescission all payments already made by the Purchasers shall be retained by the Seller, not as penalty, but as rent on the house and property, and as liquidated damages for the breach of this contract. In such event the payments provided by this contract are computed and agreed by the parties hereto to be reasonable, liquidated damages and rental of said property."

Section 8 of said contract provided: "It is agreed that when the sum of $1000.00 of the purchase price, and all interest, taxes and insurance premiums have been paid, that the Seller will give to the Purchasers a general warranty deed to said property conveying said property, and will deliver to the Purchasers an abstract of title going back at least twenty years."

The defendants alleged that they had complied with the terms of the contract in that they had paid the monthly installments up to and including December 8, 1949, and had paid $1000 upon the princi-

pal of said note prior to the time they defaulted on December 8th, and that the plaintiff had breached his contract in that he had failed to execute to them a warranty deed, and alleged that they had been damaged in the sum of $2500 as the result of such failure. To this pleading the plaintiff did not file any exceptions; he filed only a general denial. In the absence of such special exceptions, we are of the opinion that the pleading was sufficient to permit the defendants to go to trial upon their defense. The plaintiff in his motion and affidavit for summary judgment nowhere denied or referred to the allegations in defendants' cross-action, nor did he explain or offer to excuse himself for failing to execute a deed, if he did so fail, and offered no testimony at the hearing on the subject whatever. He only introduced the contract and note. In his motion he says it is grounded upon the pleadings in the case and the affidavit of the plaintiff. In his affidavit, in addition to setting out the sales contract and note, he states that the defendants breached their contract by failing to make payments of the installments since December 8, 1949, and he had, as provided by said contract, rescinded the same and had declared such payments made under such contract upon said note as rent, as provided therein. The defendants, through counsel, on the day of hearing, appeared and filed their motion and supporting affidavit for judgment upon their cross-action under section (b) of said rule. In their affidavit they set up a prior breach by the plaintiff in failing to execute said warranty deed, as alleged in their cross-action, but, as said before, the court, on motion of the plaintiff, struck said motion and affidavit on the grounds that he had not been served with notice and that they were not filed before the day of hearing, and as a result no consideration was given by the court to the defendants' claim under their cross-action. This action upon the part of the court, we are of the opinion, reflects error. Section (b) of Rule 166-A gives a defending party the right to move for judgment at any time. Section (c) provides that the motion should be served on the opposing party at least ten days before the

time specified for hearing. If the plaintiff was not prepared to oppose the defendants' motion on the day hearing was had, the court should have set the hearing on some future date. It is reflected by the pleadings and affidavit of the plaintiff that the defendants had paid to the plaintiff $2600 from September 1, 1945, to December 8, 1949, which was to be applied on the interest, insurance premiums and taxes and principal. The defendants had previously paid $500 cash which was to be applied on the principal of the purchase price. The defendants contend both in their pleadings and affidavit that they had paid to the plaintiff more than $1000 and he had breached his contract prior to their default in failing to execute to them a general warranty deed. On hearing the motion for summary judgment the court's prerogative is to determine, if possible, whether there is a genuine controversy between the litigants. If it is clear there is none, then it is his duty to grant the motion. If the matter is reasonably doubtful the motion should be refused. The court should not decide the controverted issues in the case. These should be submitted to the court or jury upon trial of the case upon its merits. If this was not the rule a party could easily be deprived of his constitutional right to a trial by jury. From the condition of the record before us, we are of the opinion that the matter was not sufficiently developed on the hearing for the court to determine that there was no genuine issue in the case to be tried. We find no fault with the rule and believe it is a just one for its intended purpose. However, we feel that proceedings under it should be had with a great deal of caution and in no event should a summary judgment be granted unless it is made to appear with reasonable certainty that there is no genuine issue in the case. Otherwise it would become the means of depriving a litigant of valuable substantive rights.

From what we have said it is unnecessary to pass upon the other assignments of error.

The judgment of the trial court is reversed and the cause remanded.