May M. WRIGHT, Appellant,

v.

Charles H. WRIGHT, et al., Appellees.

No. 6374.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 1, 1954.

Rehearing Denied March 1, 1954.

Hoover, Hoover & Cussen, Ed. Hoover, Jr., Canadian, for appellant.

Sanders, Scott, Saunders & Smith, Amarillo, Wm. J. Jackson, Canadian, for appellees.

PITTS, Chief Justice.

This is an appeal from a summary judgment rendered after all parties were before the court through pleadings filed. Appellees, Charles H. Wright, W. R. Hext, Wiley David Wright, Verdi Terrell joined by her husband Virgil R. Terrell, and Marie Brown joined by her husband Marvin Brown, nephews and nieces of David C. Wright, deceased, filed suit on June 21, 1952, against May M. Wright, surviving widow of David C. Wright, deceased, Cecelia Hext, a widow, and Labena Beard and husband Ben Beard, Mrs. Hext and Mrs. Beard being surviving sisters of the deceased, and James Oren Price, a former employee of deceased, to have the last will of David C. Wright, deceased, construed after all interested parties have had an opportunity to be heard on the issues raised by appellees' petition duly filed. Charles H. Wright and W. R. Hext joined in appellees' petition, both individually and as coexecutors, together with May M. Wright, as coexecutrix of the will of David C. Wright, deceased, and May M. Wright was also sued individually and as coexecutrix of the said will. Appellees pleaded the full contents of the will of the testator duly executed on May 1, 1950, before his death on April 30, 1952. They likewise pleaded the existence of "a patent ambiguity in some of the clauses of the said will, or in the alternative, a latent ambiguity in some of the clauses of the said will" and further alleged the existence of a justiciable controversy between and among the devisees and legatees made parties to the suit.

Appellant, May M. Wright, answered by joining issues with appellees on all material issues, except as to certain admissions therein made. Defendants Cecelia Hext and Labena Beard, joined by her husband Ben Beard, answered by admitting the allegations as pleaded by appellees and sought to have the will construed as pleaded by them, while the defendant James Oren Price answered denying appellees' material allegation but alleged no controversy existed between him and any of the other parties and he sought judgment only for whatever he was entitled to have under the terms of the will.

Although the original pleadings of appellees and appellant were superseded by amended pleadings, we think it is well to state in substance the principal contents of all of their pleadings in the order they were filed, since all of the said pleadings were introduced in evidence as will be later herein shown. So on November 15, 1952, appellees filed their first amended original petition, setting out the contents of the will, alleging that appellant, May M. Wright, was claiming a greater interest in the estate of David C. Wright, deceased, than she was entitled to have under the terms of the will and, in the alternative, that there existed ambiguity in some of the clauses of the will, thus presenting a justiciable controversy between the parties, and sought to have the will construed in a manner pleaded by them and for an order declaring May M. Wright had elected to take against rather than under the will. Appellant, May M. Wright, again answered in her first amended original answer joining issues with appellees on the material allegations except for those expressly admitted.

Appellees thereafter on April 3, 1953, filed their second amended original petition attaching a copy of the will thereto, charging that May M. Wright was making claims of interest inconsistent with the terms of the will and had elected to take against the will rather than under its terms, that a portion of the land devised under the will was either the separate property of the testator or had been purchased with his separate monies to the extent of $32,500 and sought to have the will so construed and the

various interests of the parties distributed accordingly. Appellant, May M. Wright, filed a second amended original answer joining issues with appellees and on April 11, 1953, she filed her third amended original answer to appellees' last mentioned pleadings, joining issues with them, particularly denying that she had asserted or made any declaration of her intention to take against the will or that any of the property mentioned in the will was the separate property of the testator or purchased with his separate funds. She also thereby challenged the good faith of appellees in bringing the suit and in filing the motion for summary judgment, which motion obviously had been previously filed but the exact date of its filing is not reflected by the record. She likewise pleaded her version of the provisions of the will and sought to have the same so established and to have the rightful interests of the respective parties partitioned by judgment of the court. She likewise there sought to have appellees' motion for summary judgment denied on the grounds that she had a legal defense to the controversial issues raised by appellees' pleadings and such issues ought to be heard in a trial on the merits.

Appellees' motion for summary judgment was submitted in two counts, seeking a decree first to establish that appellant, May M. Wright, had elected to take her community interest in the estate of herself and her deceased husband as against the will and not under its terms; then, in the alternative, a second count was urged seeking a decree construing the will of David C. Wright, deceased, as having disposed of all of the property standing in the name of testator, including the community property between himself and his wife, May M. Wright, all of which property, according to the record, consisted of about 8½ sections of land, certain town lots in the City of Canadian, and certain described personal property, the total value of all of which was estimated to probably exceed $300,000. Attached to the said motion were copies of seven deeds, a homestead designation of David C. Wright and wife, May M. Wright,

testator's will, and a marriage certificate showing David C. Wright and his said wife were married on June 26, 1920, together with an affidavit of one of appellees' counsel to the effect that the said instruments were true copies of the originals as they appeared of record as indicated on each instrument.

Appellant, May M. Wright, resisted the said motion with a lengthy pleading filed on April 18, 1953, setting forth the material defenses she had alleged in her former pleadings, particularly pleading that all of the property she and her deceased husband owned at the time of his death was community property, except for his diamond ring unmistakably bequeathed to W. R. Hext; that her husband explained to her that one-half of said property was hers according to law and that he had disposed of only his half of the property by his will, which will she alleged reveals that only his one-half of the property was so disposed of by him and that she can support by proof that such were the intentions of her deceased husband. For all of the alleged reasons she further sought to have appellees' motion for summary judgment denied and the case set down for a trial on the merits when all parties could be heard on the controverted issues raised and all parties have their day in court.

A hearing was held by the trial court on April 29, 1953, when appellant, May M. Wright, introduced all of the pleadings of all parties, most of which are very lengthy, a marriage certificate showing when she and testator were married, deeds to the real estate here involved, a copy of testator's will and a part of her deposition, beginning with question 19 on page 33 as taken by appellees. Her testimony given by deposition and so introduced only identified the will which she testified her husband brought home and showed to her, explained what he meant by the terms he used therein and told her what his intentions were, but his explanations and his intentions were not there revealed by her testimony. According to the record no other part of the deposition was introduced and no other part

of it is found in the record before us and we find no other depositions in the record, although appellees, in their motion for summary judgment, twice refer to "depositions on file" in the case and the trial court in its judgment refers to "depositions" heard by it. In its judgment the trial court used the phrase "stipulations of the parties in open court", as a part of the basis for its judgment, which implies a stipulated agreement between the parties about some matter. No stipulated agreement between the parties about anything has been pointed out to us in the record and we have found none in the record. There may have been such before the trial court but we find none in the record before us. On the contrary, it appears that the issues were strongly controverted by the parties. Before rendering judgment on July 27, 1953, and after due notice had been given to all interested parties, the trial court reopened the hearing for the introduction of any further evidence by either of the parties. Because the hearing was being held only on the question of summary judgment no other evidence was introduced except that appellant, May M. Wright, introduced several notations from the trial court's docket, one of which dated November 6, 1952, required defendant "to show deposit slips and checks and accounts of deceased, David C. Wright, in defendant's possession". If such were introduced, they are not found as a part of the record before us.

In its judgment the trial court denied appellees any recovery on their first count, which sought a decree adjudging May M. Wright to have elected to take against the will in her claim of an undivided interest of the community estate, from which part of the judgment appellees are prosecuting a cross-appeal. However, the trial court sustained the second count of appellees' motion for summary judgment as prayed for by appellees and construed the will accordingly, holding, in effect, that testator by the terms of his will lawfully disposed of all of the community estate belonging to himself and his wife, May M. Wright. By its judgment the trial court denied May

M. Wright's claim for partition and required her to make an election as to whether she would take under the terms of the will as construed or whether she would take against the will, claiming her one-half interest in the community estate. The material parts of the body of the will here controverted are set forth in the following language:

"1. I desire and direct that all of my just debts be paid out of my estate as soon after my death as is practical to do so having due regard to my estate and to my creditors. That all of my debts be paid out of my personal property before resorting to the sale of any of my real estate for the purpose of paying my just debts. The debts I have reference to in this paragraph are the debts I owe at the time of my death, and the last illness and funeral expenses of myself, and the expenses of probating this will, and settling up my estate. The estate of Texas Inheritance Taxes, and the Federal Estate Taxes my estate may owe are to be paid by the beneficiaries named in this will in proportion to the appraised value of the share of my estate property received by each of them under this will for such State Inheritance and Federal Estate Taxes.

"2. I give, devise, and bequeath to my beloved sister, Cecelia Hext, of Canadian, Texas, all of the following real estate lying and being situated in Lipscomb County, Texas, to-wit:

"All of Section No. Seventy-seven (77), in Block No. Forty-three (43), H. & T. C. Ry. Co., Original Grantee. In fee simple to sell and dispose of as she may wish or see proper.

"3. I give devise and bequeath to my beloved sister, Labena Beard, the wife of Ben Beard of Canadian, Texas, all of the following described real estate lying and being situated in Hemphill County, Texas, to-wit:

·"All of Lot No. Four (4); and one-half (½) of Lot No. Five (5), adjoining Lot No. Four (4), and running full length of said Lot Four (4) in Block No. Seventy (70), of the Original town of Canadian, Hemphill County, Texas. In fee simple to sell and dispose of as she may wish or see proper.

"4. I give, devise and bequeath to James Oren Price all of Section No. One Hundred (100) in Block No. Forty-three (43), H. & T. C. Ry. Co., Original Grantee, lying and being situated in Lipscomb County, Texas, in fee simple, and to sell and dispose of as he may wish or see proper.

"5. All of the balance of my real estate which I now own and which I own at the time of my death I hereby declare to be the community property of myself and my wife, May M. Wright, and I hereby devise and bequeath to my beloved wife, May M. Wright, all of my community one-half of said community real estate for her natural life time, and at her death to vest in fee simple in my nephews and nieces, to-wit:

Charles H. Wright, Nephew;

W. R. Hext, Nephew;

Wiley David Wright, Nephew;

Mrs. Verdie Terrel_, niece, and wife of Virgil R. Terrell, and

Mrs. Marie Brown, niece, and wife of Marvin Brown, share and share alike.

In this connection my wife, May M. Wright, is hereby given the full power of sale to sell my community one-half of said community real estate along with her community one-half of said real estate for any price she may see fit and proper, and for all cash. However, should she sell my community one-half of said community real estate, then and in that event she is to invest the proceeds from my one-half of said community real estate in United States Government Bonds, and she is to have the interest from said United States Government Bonds until her death, and at her death said United States Government Bonds are to vest in fee simple in my three (3) nephews and two nieces named above herein, and share and share alike.

"6. I give devise and bequeath unto my nephew, W. R. Hext my diamond finger ring.

"7. I give, devise and bequeath to my beloved wife, May M. Wright, the following personal property, to-wit:

(1) All of my life insurance.

(2) All Government Bonds of every kind and character.

(3) My automobile.

(4) All household furniture and fixtures, and all chickens and poultry.

All in fee simple to sell and dispose of as she may wish or see proper.

"8. It is my will and desire that all of the residue of my personal property not disposed of in paragraphs Nos. 6 and 7, of this will, after the payment of all of my just debts, including my funeral expenses, and the expenses incident to the probating of this will shall go to the following named persons, and in the following portions, to-wit:

(1) To my beloved wife, May M. Wright, an undivided one-half interest therein.

(2) To my nephew, Charles H. Wright, an undivided one-tenth interest therein.

(3) To my nephew, W. R. Hext, an undivided one-tenth interest therein.

(4) To my nephew, Wiley David Wright, an undivided one-tenth interest therein.

(5) To my niece, Mrs. Verdi Terrel_, wife of Virgil R. Terrel_, an undivided one-tenth interest therein.

(6) To my niece, Mrs. Marie Brown, wife of Marvin Brown, an undivided one-tenth interest therein.

All in fee simple to sell and dispose of as they may wish or see proper."

The trial court construed the will in the following language:

"David C. Wright, by the terms of his will, intended to and did act upon, deal with, dispose of and allocate to his devisees and legatees all of the assets of the community estate of himself and his wife, May M. Wright, which belonged to them jointly at the time of his decease, together with his diamond finger ring which was his own separate property; and he intended to and did by the terms of said will designate and direct how his estate should be handled and settled and how said property should be divided and partitioned to the devisees and legatees named in his will.

"Under the terms of said will all debts of every kind and character which were owed by the said David C. Wright at the time of his decease, together with funeral expenses and expenses of administration on his estate, must be paid from cash assets, or from proceeds of the personal property of said community estate other than the personal property described in the special bequests; and all Federal Estate and State inheritance taxes must be paid by Cecelia Hext, Labena Beard, James Oren Price, Charles H. Wright, W. R. Hext, Wiley David Wright, Verdi Terrel_ and Marie Brown, each, as a condition to the receipt of the property left to him or her, being obligated to pay that portion of such Federal Estate and State Inheritance taxes as the value of the property received by him or her

(as such value shall have been fixed by the Commissioner of Internal Revenue) bears to the total value of the taxable properties (as such total value shall have been fixed by the Commissioners of Internal Revenue).

"Under the terms of said will Cecelia Hext is entitled to receive and to have partitioned and delivered to her Section 77 in Block 43, H. & T. C. Ry. Co. Original Grantee, Lipscomb County, Texas; Labena Beard is entitled to receive and to have partitioned and delivered to her all of Lot No. 4 and one-half of Lot No. 5 adjoining Lot No. 4 and running full length of said lot No. 4 in Block No. 70 of the Original Town of Canadian, Hemphill County, Texas; and James Oren Price is entitled to receive and to have partitioned and delivered to him all of Section No. 100 in Block No. 43, H. & T. C. Ry. Co. Original Grantee in Lipscomb County, Texas.

"Under the terms of said will an undivided one-half (½) interest in and to all of the remainder of the real estate belonging to said community estate passes to May M. Wright in fee simple; and the other undivided one-half (½) interest in and to said real estate passes to May M. Wright for her natural life with remainder over at her decease to Charles H. Wright, W. R. Hext, Wiley David Wright, Verdi Terrel_ and Marie Brown, share and share alike. Under the terms of said will the said May M. Wright is given power and authority to make and consummate a bona fide sale, and to convey in fee simple, the entire 100% interest in and to said real estate, including her undivided one-half fee simple interest and the undivided one-half interest devised to her for her natural life, with remainder over at her decease to Charles H. Wright, W. R. Hext, Wiley David Wright, Verdi Terrel_ and Marie Brown, such sale to be made for cash, and in event of such sale one-half of the net proceeds received as compensation for such real

estate must be invested and kept invested in United States Government bonds, the interest on which must be paid to the said May M. Wright during her natural lifetime, and the principal or corpus of same passes over to the remaindermen, Charles H. Wright, W. R. Hext, Wiley David Wright, Verdi Terrel_ and Marie Brown, share and share alike, at the decease of the said May M. Wright.

"Under the terms of said will the said David C. Wright's diamond finger ring passes to W. R. Hext.

"Under the terms of said will David C. Wright's life insurance, all Government bonds owned by said community estate whether in the name of David C. Wright or May M. Wright, the family automobile, all household furniture, fixtures and equipment, and all poultry of every kind and character, passes to May M. Wright in fee simple.

"Under the terms of said will an undivided one-half interest in and to all of the remainder and residue of the personal property of every kind and character belonging to said community estate of David C. Wright and May M. Wright passes to May M. Wright in fee simple; and the other undivided one-half interest in and to said personal property passes to Charles H. Wright, W. R. Hext, Wiley David Wright, Verdi Terrel_ and Marie Brown, in fee simple, share and share alike."

Appellant, May M. Wright, perfected an appeal from that part of the judgment of the trial court sustaining appellees' second count in their motion for summary judgment and construing the will of the testator accordingly and strenuously contests the same. She presents numerous points of error, all of which we do not deem it necessary to discuss in detail.

■ The trial court found that testator intended to and did act upon, deal with and dispose of all of the assets of the community estate belonging to himself and his wife, May M. Wright, and appellees urge that such is proper and correct. It has been held that where the language used in a will is free from doubt, the intention of the testator is clearly and unequivocally expressed and not inconsistent with established rules of law, such must control and be given force and effect in the disposition of testator's estate. Haupt v. Michaelis, Tex.Com.App., 231 S.W. 706. We do not conclude, however, that the language used by David C. Wright, deceased, in his will is free from doubt. Neither do we find any language used in the will clearly, unequivocally and conclusively showing that testator intended to dispose of all of the community estate belonging to himself and his wife or that he intended that his wife be required to make an election as to whether she would take under the will.

In the case of Avery v. Johnson, 108 Tex. 294, 295, 192 S.W. 542, 544, the court said:

"Where a testator owns a partial interest in land and the disposal of the land is the subject of his will, it is only where the intention to treat and devise the entire land as his own is revealed by clear and unequivocal language that the will is to be construed as the disposition of more than his own interest, putting the co-owner of the land to his election * * *. The law presumes that no man will attempt a testamentary disposition of the property of others. It deprives no man of his property merely by conjecture. Therefore, for a will to be given the effect of an attempted disposition of property not owned by the testator, it is required that the language of the will conclusively evidence such a purpose. In such cases it is not sufficient that the will *may* be construed as revealing such an intention. It is necessary that it be open to no other construction."

That case further supports the contentions here made by appellant. The rules there announced have since been consistently followed in such cases and the same were fol-

lowed as controlling in the cases of Whaley v. Quillin, Tex.Civ.App., 153 S.W.2d 969 (writ refused), and Ford v. Bachman, Tex.Civ.App., 203 S.W.2d 630 (writ refused, n. r. e.). The rules are likewise supported by Pope v. Pope, Tex.Civ.App., 175 S.W.2d 289; Rippy v. Rippy, Tex.Civ. App., 49 S.W.2d 494 (writ refused).

In paragraphs 2, 3 and 4 of the will testator seems to devise and bequeath all of three tracts of land followed by a statement in paragraph 5 that the remainder of his interest in real estate was community property between him and his wife, May M. Wright, implying that the three tracts of land formerly devised in paragraphs 2, 3 and 4 were his separate property. Such was made a very strong issue by the pleadings of the parties. It is true that during the hearing by the trial court appellees, through counsel, reluctantly admitted that all of the real estate mentioned in the will must have been community property between testator and his wife. However, such a reluctant admission is inconsistent with appellees' pleadings and could not in any event affect the intentions of testator expressed in the will. A full hearing on the merits might establish the intentions of testator contrary to that here determined by the trial court and produce a different result from that here found by the trial court. In the recent case of Murchison v. Post Independent School Dist., 258 S.W.2d 229, 232, this court held in part that:

> "It cannot be the purpose of the provisions of the rule as to summary judgment to dispense with the proof required to make out a prima facie case, at least, and to extend to the parties to litigation a more liberal procedure for obtaining a summary judgment than might be had as to a final judgment on a trial of the cause on its merits."

In briefing the case appellees have asserted that May M. Wright sold community livestock and divided the proceeds therefrom equally between herself and testator's estate; that she withdrew from the bank account of the deceased one-half of the same and deposited it to her own bank account; that appellant, May M. Wright, "had no close kin"; that "the trial court knew, and this court should be aware, that appellant bore David C. Wright no children, and neither had children from any other source; * * *" We do not challenge such statements. However, appellees do not direct our attention to any place in the record showing any of these facts to exist and we do not find such statements supported in the record.

This court held in the case of Hunley v. Garber, Tex.Civ.App., 254 S.W.2d 813, that in a summary judgment proceeding the burden of proof is upon the movant and all doubts as to the existence of a genuine issue as to a material fact must be resolved against him. This rule is well supported by other authorities later herein cited, including the case of King v. Rubinsky, Tex. Civ.App., 241 S.W.2d 220, wherein it was held that such proceedings should be heard with a great deal of caution and the motion denied unless the movant's claims are clearly supported with reasonable certainty and beyond a reasonable doubt.

> "The underlying purpose of Rule 166–A was elimination of patently unmeritorious claims or untenable defenses; not being intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact. It should be temperately and cautiously applied, 'lest abuse reap nullification.' Avrick v. Rockmont Envelope Co., 10 Cir., 155 F.2d 568, 571." Kaufman v. Blackman, Tex.Civ.App., 239 S.W.2d 422, 428.

The court there further held that the movant is held strictly to a *"conclusive showing"* that no fact issue exists and that the resisting party should be accorded considerably more indulgence by the court; that a motion for summary judgment should " 'be denied if it appears that a substantial fact dispute may exist, regardless of informalities or defects in the resisting party's papers'."

The court said in King v. Rubinsky, supra [241 S.W.2d 224], that:

"On hearing the motion for summary judgment the court's prerogative is to determine, if possible, whether there is a genuine controversy between the litigants. If it is clear there is none, then it is his duty to grant the motion. If the matter is reasonably doubtful the motion should be refused."

The court there further held that a summary judgment motion should be heard with great caution and not granted in any event "unless it is made to appear with reasonable certainty that there is no genuine issue in the case".

▮ Appellant urges us to reverse the trial court's judgment construing the will and remand the cause for a trial on the merits or to reverse and render the same. In their cross-appeal appellees urge us to reverse and render that part of the judgment of the trial court denying them any recovery on the first count of their motion claiming appellant, May M. Wright, had elected to take against the will rather than under its terms. For the reasons stated and under the authorities cited we think the trial court's judgment must be reversed but we do not feel justified in rendering any part of it as a result of the record before us. It is our opinion that appellees have not strictly established with a *"conclusive showing"* or with reasonable certainty that there is no genuine issue of a material fact existing and, according to the rules of law governing such matters, all doubts as to the existence of a genuine issue as to a material fact must be resolved against appellees as a moving party for a summary judgment. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. The Supreme Court there approves other rules that well support our disposition being made of this case. It is our conclusion that the interest of all parties will be best served if the case is tried in full on the merits. We therefore reverse the judgment of the trial court and remand the case to be tried on its merits.

Reversed and remanded.