Joe IRWIN, Appellant,

v.

Marvin T. BELK et al., Appellees.

No. 3386.

Court of Civil Appeals of Texas.

Waco.

Oct. 11, 1956.

C. C. Renfro, Dallas, for appellant.

Sarah Daniels, Dallas, for appellees.

McDONALD, Chief Justice.

This is a summary judgment case. Parties will be referred to as in the Trial Court. Plaintiffs Belk and wife sued Joe Irwin and Joe Irwin Real Estate Company, defendants, to recover $840 paid on a contract to purchase 2 acres of land. Plaintiffs' pleading as here applicable is quoted:

"*    *    *    *    *    *

"1.

"That heretofore, to-wit: on or about the 1st day of January 1952, defendants purported to sell to plaintiffs a tract of land, being 2 acres *  *  * in Dallas County, Texas, and that plaintiffs began making payments on January 16, 1952, and have continued to make monthly payments thereafter, a schedule of which is attached and marked Exhibit 'A' and made a part hereof as if written here in full, aggregating $840.00.

"2.

"That though often requested, defendants refused to deliver a contract of sale, a deed, or to complete the transaction in any way, and have failed and refused, and still fail and refuse, to return plaintiffs' money to plaintiffs' damage in the amount of $840.00 principal, plus legal interest on each payment from its date. *  *  *"

Plaintiffs' prayer seeks $840, plus legal interest, plus attorney's fees.

The pleading is sworn to by the plaintiffs, and the Exhibit attached shows that $540 was paid to *"Joe Irwin"* and that $300 was paid to *"Ed Green."*

Defendants answered as follows:

"I.

"Defendants admit that on or about January 1, 1952, that a contract was made with plaintiffs to sell them a tract of land *  *  * and that plaintiffs have made certain payments thereon.

"II.

"Defendants deny that they have refused to deliver a deed to said property or to complete the transaction, and in this conection say that plaintiffs still owe as of June 24, 1953, a principal balance of $979.38, and that when such payment is made they will cause said property to be conveyed to plaintiffs.

"III.

"Defendants say that the last payment on said contract of purchase was $20.00 June 24, 1953, and that plaintiffs have failed and refused to make the installment payments due since that date, and have forfeited the prior payments because of nonpayment of the balance, or in the alternative that if they have not forfeited such payments, they are not entitled to a deed to the property until the balance of the consideration is paid.

"Defendants pray that plaintiffs be denied any relief herein, or in the alternative that they be required to pay the balance due on the contract whereupon these defendants will convey the property involved to plaintiffs."

Plaintiffs then filed a Motion for Summary Judgment, and as grounds therefor:

"shows this court that the money sued for herein is 'for money had and received' by the defendants at their special instance and request; that plaintiffs' action is based on a sworn account, which petition is incorporated herein by reference, * * * that defendants have appeared and answered herein denying said petition generally; that the balance due on said debt is now $913.40 * * *"

Defendants then answered plaintiffs' Motion for Summary Judgment as follows:

"I.

"The pleading of plaintiffs and the answer of defendants discloses that the matter in controversy involves a contract covering the purchase and sale of approximately 2 acres of land wherein the plaintiffs claim that defendants have breached the contract and the defendants claim that plaintiffs have breached the contract.

"Accordingly, a motion for judgment should not be granted in this cause because there is a genuine issue of fact as to which parties breached the contract involved. Plaintiffs' motion wholly fails to show that they have a right to recover as a matter of law, and that defendants have not asserted an effective defense to such cause of action.

"II.

"Plaintiffs in their motion have not asserted, nor did they assert in their petition, that they had paid the full price for the property in question and that they should accordingly be entitled to the property or have refund of the consideration. On the other hand these defendants have asserted that a substantial part of the consideration for the sale of the property has not been paid and that plaintiffs are in default in making the monthly payments thereon. Plaintiffs having admitted they were making monthly payments on the purchase of the property would not be entitled to a summary judgment without showing that all of the payments had been made * * *".

The contract of purchase is not in evidence, nor is there any evidence in this record other than the pleadings and motions as noted. Upon this state of the record the Trial Court granted plaintiffs' Motion for Summary Judgment, holding that:

"It further appears that plaintiffs' cause of action is based on a sworn account to which defendants have filed no sworn answer."

The Trial Court's summary judgment was for $840 principal, $73.40 interest, and

$250 for attorney's fees "by reason of the willful withholding of plaintiffs' money."

The record before us discloses that defendants then filed a Motion for a New Trial, which was by the Trial Court overruled.

Rule 166–A, Texas Rules of Civil Procedure provides for summary judgment.

"The judgment sought shall be rendered forthwith if the pleadings * * * on file, together with the affidavits, if any, show that * * * *there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.*"

Our Supreme Court, in Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931, in discussing this rule, says:

"The duty of the court hearing the motion for summary judgment is to determine if there are *any* issues of fact to be tried, and not to weigh the evidence or determine its credibility, * * *. 'The underlying purpose of Rule * * * was elimination of patently unmeritorious claims *or untenable defenses; not being intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact.*' The burden of proving that there *is no genuine issue of any material fact is upon the movant, and 'All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment.'* * * *. '[The Court] accepts as true all evidence of the party opposing the motion which tends to support such party's contention, and gives him the benefit of every reasonable inference which* *properly can be drawn in favor of his position.'* "

To the same effect are the following authorities: Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967; King v. Rubinsky, Tex.Civ.App., 241 S.W.2d 220 (no writ history); Loud v. Sears Roebuck & Co., Tex.Civ.App., 262 S.W.2d 548; Kaufman v. Blackman, Tex. Civ.App., 239 S.W.2d 422 (NRE); De La Garza v. Ryals, Tex.Civ.App., 239 S.W.2d 854 (NRE).

With the foregoing rules and the record before us in mind, we think that the Trial Court erred in holding that plaintiffs' suit was upon a sworn account, and erred in granting the summary judgment. We think plaintiffs' suit was clearly an action based on alleged breach of contract, and that an issue of fact existed (among others), as to whether plaintiffs had paid an amount which entitled them to a deed. Plaintiffs' pleadings and motion are silent as to whether they had fully performed their own contract by paying the amount they were originally liable to pay; and defendants in alleging that $913 was due on the purchase definitely made for an issue of fact on this point. Further, plaintiffs' exhibit shows that $300 was paid to *"Ed Green"*, with no allegation or proof whatever as to why payments were made to him or who he is, or why defendants should be liable for payments made to Ed Green.

Further to the foregoing, plaintiffs filed no brief in this case, as required by Rule 414, T.R.C.P., nor did plaintiffs present oral argument or appear upon the date set for submission of same.

It follows that judgment of the Trial Court is reversed and the cause remanded.

HALE, J., not participating.