May M. WRIGHT, Appellant,

v.

Wiley David WRIGHT et al., Appellees.

No. 6685.

Court of Civil Appeals of Texas.

Amarillo.

June 24, 1957.

Rehearing Denied Sept. 9, 1957.

Lawing & Hazlett, Borger, Hill & Adkins, Shamrock, for appellant.

Sanders, Scott, Saunders & Smith, Amarillo, Wm. J. Jackson, Canadian, for appellees.

NORTHCUTT, Justice.

This was an action brought by appellees in the 47th District Court of Randall County, Texas, for distribution of the estate of David C. Wright, deceased, according to the will of the said David C. Wright and the judicial construction placed thereon. The case was originally tried in the District Court of Hemphill County, Texas, and was appealed to this Court. This court reversed the case to be tried on its merits. The Supreme Court reversed the judgment of this court and held the summary judgment should be affirmed to the extent that it required May M. Wright, widow of deceased, to make an election but modified the judgment of the trial court as to construction of the will and directed the will to be construed so as to conform to the holding of the Supreme Court. The District Court of Hemphill County construed the will as directed by the Supreme Court and no appeal was taken from that judgment and it became a final judgment.

The 47th District Court of Randall County entered its order distributing the estate according to the judgment entered in the District Court of Hemphill County and from this judgment appellant perfected this appeal. May M. Wright also filed her application with the Supreme Court seeking to have mandamus issued against the District Judges of both Randall and Hemphill Counties requiring them to conform the judgment entered by them to that of the mandate and opinion of the Supreme Court. The Supreme Court overruled such motion.

Appellant presents her appeal upon three points of error as follows:

"First Point

"The Trial Court erred in reconstruing the will of David C. Wright,

according to the judgment of the District Court of Hemphill County, Texas, contrary to the mandate and opinion of the Supreme Court of Texas (Tr. 100, par. 3).

"Second Point

"The Trial Court erred in holding that all expenses of administration be paid from the entire, the 100%, of the community property of David C. Wright, deceased, and defendant, May M. Wright (Tr. 101, par. 3).

"Third Point

"The Trial Court erred in holding that May M. Wright was entitled to receive only one-third of the statutory commission for her fees in acting in the capacity of executrix (Tr. 101, par. 5)."

We are unable to see where the District Court of Hemphill County failed to construe the will as directed by the Supreme Court. That judgment was never appealed from and became a final judgment and the judgment of the District Court of Randall County carrying out the judgment of distribution according to the interpretation placed upon the will by the District Court of Hemphill County would not be erroneous unless the Hemphill County judgment was wrong. A judgment of distribution in accordance with the final judgment would be a correct one. We think, also, when the Supreme Court overruled the petition for writ of mandamus, no material error was found in the action as to interpreting the will as directed by the Supreme Court. Appellant's first two points of error are overruled.

■ As to point three, we have not been cited to any Texas decisions, and neither have we found any by our own investigation, deciding this question. It is to be noticed in the will nothing is said as to May M. Wright's being paid any sum of money for acting as executrix. The two

nephews were to be paid the sum of $500, each, out of the deceased's estate in lieu of any commissions and fees allowed by law for their services. The two nephews did not object to taking the $500, each, in lieu of their ⅓ of the five per cent commission and certainly appellant would not be entitled to the nephews' part of the commission. We are of the opinion where there were three executors, as provided for here, they would not be entitled to more than ⅓ of the total five per cent commission. Of course, that does not have reference to the extra due for special work or expenses. We approve the holding in the Kentucky case of Garr v. Roy, Ky., 50 S.W. 25, as being the law in this state, where it is stated:

"It is insisted that appellee was not entitled to any compensation, as all the work of administering the estate was performed by appellant. While, from the testimony, this appears to true, it is equally apparent that it was no fault of appellee that he was not permitted to participate fully in the settlement of the estate. He was always on hand when necessary, and willing to do his part, and is entitled to one-half of any commissions allowed the co-executors. In Brown v. Stewart, 4 Md.Ch. 368, the court said: 'Where there are two executors, both are equally entitled to commission; and, in the absence of any express agreement, neither can deprive the other of his share upon the ground that the party claiming the whole has performed the entire labor of settling up the estate.' In Squier v. Squier, 30 N.J.Eq. 627, the court said: 'Where there are two executors, and both seem to have been willing to do, and to have done, whatever was required, the commissions should be divided.' "

There is nothing in the record, other than the manner of paying the nephews, to indicate that appellant was to receive more than ⅓ of the commission allowed by law. If the nephews accepted the $500

in lieu of their part, we think that determines that no more of their ⅔ of this commission was to be paid out. Appellant's point three is overruled.

Judgment of the trial court is affirmed.