Charles H. WRIGHT et al., Relators,

v.

May M. WRIGHT et al., Respondents.

No. 6858.

Court of Civil Appeals of Texas.
Amarillo.

Dec. 1, 1958.

Rehearing Denied Dec. 22, 1958.

---

Sanders, Scott, Saunders & Smith, Amarillo, and William J. Jackson, Canadian, for relators.

Sturgeon & Thompson, Pampa, E. Byron Singleton, Amarillo, and Walter R. Allen, Borger, for respondents.

PER CURIAM.

This is an original proceeding instituted in this court by relators, Charles H. Wright, W. R. Hext, Verdi Terrell and her husband, Virgil R. Terrell, Cecelia Hext, Marie Brown and her husband, Marvin Brown, Wiley David Wright and Labena Beard and her husband, Ben Beard, against May M. Wright, hereafter referred to as respondent, and her then named attorneys together with any future agents or attorneys employed by respondent, seeking a writ of injunction or a writ of prohibition or both to restrain or prohibit respondent and her attorneys, agents and employees from further attempting to re-litigate or prosecute certain matters or issues in the courts that have already been fully heard, determined and set at rest by final judgments entered in the courts involving the same named relators and respondent, May M. Wright. In support of their claims relators alleged that certain controverted issues involving the same parties here named were heard and determined by the 31st Judicial District Court of Randall County, Texas, in Cause No. 3106 with respondent, May M. Wright, perfecting an appeal therefrom to this court in Cause No. 6685 wherein this court affirmed the trial court's judgment in a final judgment entered by this court, since which time respondent, May M. Wright, by the help of her attorneys and agents, has filed a new suit against these relators in the 31st Judicial District Court of Hemphill County, Texas, which alleged cause takes No. 2966 in the said court, seeking there to enlarge, change and modify the terms of the final judgment rendered and entered by this court on appeal in Cause No. 6685, for which reason relators have asked for the relief here sought.

The parties hereto having been before this court twice before on appeals concerning the issues here involved, we are familiar with the events leading up to the matters here in controversy and can take judicial knowledge of many of them, however, we refer to the herein shown reports of said appeals for further statements of the nature of this action. Also, the record before us in this action reveals that originally relators and respondent herein were all parties to a suit in Cause No. 2712 filed on June 21, 1952, in the District Court of Hemphill County, Texas, wherein it was sought by a summary judgment to have the last will and testament of David C. Wright, deceased, construed, in which all of the said principal parties were named beneficiaries. Respondent, May M. Wright, was the surviving widow of the deceased and the principal relators herein named were all related to the deceased by blood. The trial court there entered its summary judgment construing the said will, from which judgment respondent herein, May M. Wright, perfected an appeal to this court, which on February 1, 1954, ordered the trial court's judgment reversed and ordered the cause remanded for a trial on the merits as shown reported in 274 S.W.2d 414. A writ of error was thereafter granted by the Supreme Court which on January 5, 1955, reversed the judgment of this court and affirmed the judgment of the trial court after modifying the same and thereby directed an entry of judgment in accordance with its opinion as shown published in 154 Tex. 138, 274 S.W.2d 670. The Supreme Court's mandate issued to the trial court and in accordance with the mandate and the said opinion of the Supreme Court the trial court of Hemphill County, Texas, on November 10, 1955, entered its amended

judgment in Cause No. 2712 showing that respondent herein, May M. Wright, had elected to take under the terms of the will in question and construing the terms of the will accordingly, from which amended judgment no appeal was taken by any party thereto and the same became final. However, the said Cause No. 2712 in Hemphill County District Court, being only a suit for construction of the will and not otherwise, no means of compelling the enforcement of its terms were available when further controversy arose between the parties, and particularly as between respondent herein as against relators herein. Thereafter a suit was filed in 47th Judicial District Court of Randall County, Texas, bearing No. 3106, in which all of the parties here involved were made parties there, wherein relators were there seeking to compel a distribution of the estate of David C. Wright, deceased, in accordance with the construction of the terms of the will of the deceased previously found to exist by final judgment rendered by the Hemphill County District Court in its amended judgment in Cause No. 2712 on November 10, 1955. On October 18, 1956, the 47th Judicial District Court of Randall County heard the case and there found that by admission of all parties to the suit all matters in the administration of the estate of David C. Wright, deceased, had been completed except for an accounting between the devisees under the terms of the will of deceased and a distribution of the estate as provided for in the will and as further provided for in the opinion of the Supreme Court and a former judgment accordingly rendered by the District Court of Hemphill County in Cause No. 2712 on November 10, 1955, after which the said court of Randall County proceeded to render judgment distributing the estate of David C. Wright, deceased, in compliance with the opinion of the Supreme Court as reported in 274 S.W.2d 670 and the judgment of the District Court of Hemphill County rendered in Cause No. 2712 of date November 10, 1955. After the Randall County District Court rendered its judgment accordingly, respondent herein, May M. Wright, perfected an appeal therefrom to this Court, which appeal was docketed here as Cause No. 6685. However, soon thereafter respondent herein, May M. Wright, on November 19, 1956, also filed a motion for leave to file a petition for a writ of mandamus in the Supreme Court of Texas shown in Cause No. A–6089, seeking thereby a mandamus to compel the district judges of both Randall and Hemphill Counties to comply with the opinion of the Supreme Court but such motion for leave to file was denied and overruled by the Supreme Court on or about December 12, 1956. Thereafter on June 24, 1957, this court in all things affirmed the judgment of the Randall County District Court in Cause No. 3106 and denied a motion for rehearing on September 9, 1957, as reported in 304 S.W.2d 951. Thereafter respondent herein as appellant in that case filed a petition for a writ of error with the Supreme Court, which court on November 20, 1957, refused a writ and overruled a motion for a rehearing thereon December 18, 1957, making the judgment of this court final. On December 20, 1957, a mandate was issued out of this court to the District Court of Randall County, Texas.

Soon thereafter respondent herein, May M. Wright, filed a new suit in the District Court of Hemphill County in Cause No. 2966 against all of the relators herein named, seeking to have the judgment of the District Court in and for Hemphill County entered in Cause No. 2712 "enlarged, changed and modified and be made to conform to the opinion of the Supreme Court of the State of Texas * * *", which suit resulted in the filing of the original proceedings in this court, alleging that the opinion of the Supreme Court had already been complied with in two final judgments previously entered.

In appealing from the judgment of the Randall County District Court in Cause No. 3106 rendered on October 18, 1956, repondent herein as appellant in that case, being Cause No. 6685 in this court, presented her first point of error in the following language:

"The Trial Court erred in reconstruing the will of David C. Wright, according to the judgment of the District Court of Hemphill County, Texas, contrary to the mandate and opinion of the Supreme Court of Texas."

She specifically urged that point as an error committed by the trial court but this court there overruled that point, as well as her other two points, affirmed the trial court's judgment and thus held that the said trial court did in its judgment entered there distribute the said estate in accordance with the construction of the will of David C. Wright, deceased, as required by the opinion of the Supreme Court and the judgment of the District Court of Hemphill County and the opinion and judgment of this court affirming the Randall County District Court's judgment met the approval of the Supreme Court when it refused a writ and our judgment thereby became final. We have issued a mandate as a result of it and respondent as well as all other interested parties are bound thereby. Respondent's new suit thereafter filed in Cause No. 2966 in the District Court of Hemphill County seeking thereby to "enlarge, change and modify" the former final judgments entered is a direct attempt to re-litigate matters that have already been fully and finally determined.

■ According to the record before us, as well as the matters about which we may take judicial knowledge, it is our opinion that this court has authority under the provisions of Article 1823, Vernon's Ann.Civ.St., to preserve and enforce its jurisdiction and the terms of its final judgment entered and the provisions of the said Article have been many times so construed by the Texas courts. In construing the provisions of that Statute in the case of Evans v. Moore, 109 S.W.2d 359, 360, the Court of Civil Appeals of Fort Worth said in part:

"* * * when we affirmed that judgment, it became the judgment of this court, and it cannot be denied

that Courts of Civil Appeals have the power, and that it is their duty, to stay any act which interferes with the enforcement of such decrees. Article 1823, Rev.Civ.Statutes; Houston Oil Co. of Texas v. Village Mills Co., 123 Tex. 253, 71 S.W.2d 1087, 1089.

"The duty of this court to protect its judgments does not require it to wait until some physical act or obstacle is placed as a barrier before those whose duty it is to execute its mandates, but may be exercised when a suit has been instituted in any court which may result in its defeat."

Such construction there given the said Statute applies fully to the situation found to exist here.

In the case of Rogers v. Waters, Tex. Civ.App., 267 S.W.2d 582, the court held that the only purported reason for not granting relief in such a case is that a petitioner or relator can plead former judgment by way of a plea to abate or a plea of res adjudicata in the subsequent suit filed and ultimately there could be an appeal from such judgment entered in the latter cause. But more and further suits may be again filed making such practice confusing, a waste of time and money to dispose of a multiplicity of suits when a better solution is found by an appellate court in preserving and enforcing its judgment by extraordinary writs issued, particularly when requested to do so.

■ We think extraordinary remedies are available to this court to secure to the complaining parties before it in this action the benefits of the final judgment rendered in their favor and that they should have such benefits unhampered and unencumbered by further litigation. We find, however, that a writ of prohibition when granted is usually directed to the trial judge and the party litigants commanding them to cease the prosecution of a pending suit. In the original proceeding at bar, the trial judge has not been made a party to this action but the same result can be obtained by

granting injunctive relief. Ferguson v. Ferguson, Tex.Civ.App., 189 S.W.2d 442 and other authorities there cited.

■ For the reasons stated we hereby grant the injunctive relief prayed for in the alternative by relators and do hereby restrain and enjoin respondent, May M. Wright, as well as all her agents, representatives and employees from prosecuting the suit filed by her in Cause No. 2966 in the 31st Judicial District Court of Hemphill County, Texas, or any other suit, action or proceeding which has for its purpose to modify, enlarge, change, annul, set aside, alter or interfere in any way with the terms of the judgment entered by the District Court of Randall County on October 18, 1956, in Cause No. 3106 in compliance with the terms of the former amended judgment entered by the District Court of Hemphill County, Texas, in Cause No. 2712 on November 10, 1955, as required by the opinion of the Supreme Court of Texas in Cause styled Wright v. Wright, reported in 274 S.W.2d 670, which Randall County judgment was affirmed and approved on appeal by a final judgment entered by this Court in Cause No. 6685 as reported in 304 S.W.2d 951, which resulted in the issuance of a mandate by this court. Notice of this order shall be issued to all interested parties for compliance with the same. Injunction granted.